**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

DEMETRIUS CURTIS                                                                                          PLAINTIFF

V.                                               NO: 4:15CV00098 DPM/JWC

RAY HOBBS, *et al*                                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection. Your objections

must be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Defendants have filed a  motion to dismiss, along with a brief in support (docket entries #14

& #15).  Plaintiff has responded (docket entry #23).  For the reasons stated below, the motion should

be granted in part and denied in part, without prejudice to subsequent dispositive motions.

**I.  Standard of review**

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the

pleader is entitled to relief." The issue here is whether Plaintiff has stated a claim for a constitutional violation arising from the failure to credit him with meritorious good time and from the revocation of his parole on September 10, 2014.

## II. Analysis

Plaintiff does not allege a procedural due process defect. Rather, he says the state lacked jurisdiction to revoke his parole. His argument is basically as follows: The state has created a liberty interest in meritorious good time. Defendants wrongly failed to give him meritorious good time credit for the time he had spent on parole. Had he been given the credit he was due, his ten year sentence would have been shortened to approximately seven years, and would have been fully served before September 10, 2014, the date his parole was revoked. That is, he says he had fully served his sentence prior to his revocation. Thus, he says, the state had no jurisdiction to revoke his parole.

Plaintiff, who has subsequently been released, asks for monetary damages for the time he says he was wrongfully incarcerated and for a declaratory judgment that all prisoners should be granted meritorious good time while on parole. He sues Defendants in both their official and individual capacities.

Defendants seek dismissal of the primary claim on the basis that there is no liberty interest in parole and thus no constitutional violation. They also say Plaintiff has not standing to make demand for relief on behalf of other prisoners and that the official capacity claims must be dismissed on the principle of sovereign immunity.

### Standing

Plaintiff has no standing to ask for relief on behalf of other prisoners. *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir.1983) (per curiam), cert. denied, 467 U.S. 1259 (1984); *Carter v.*

*Romines*, 560 F.2d 395, 395 (8th Cir.1977) (per curiam), cert. denied, 436 U.S. 948 (1978).  The

claim for declaratory relief should be dismissed with prejudice.

Official Capacity Claims

Plaintiff's official capacity claims for monetary relief should also be dismissed with

prejudice.  An official capacity claim is the same as a claim against the state, which is barred by

sovereign immunity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

Revocation of Parole

Defendants base their motion simply on the argument that there is no constitutionally

protected liberty interest in parole.  Although they recognize that Plaintiff is complaining about

revocation of his parole, their brief cites only cases that involve the initial denial of parole.

It is true that a convicted person has no federal constitutional or inherent right  to be

conditionally released before the expiration of a valid sentence.  A complaint that parole has been

unconstitutionally denied is viable only if state law has created a liberty interest in parole.

*Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  It is also correct

that Arkansas has not created a constitutionally protected liberty interest in initially granting parole.

 *See* ARK. CODE ANN. § 16-93-701 (Parole Board "may" release on parole any eligible inmate when

in Board's opinion there is reasonable probability inmate can be released without detriment to

community or inmate); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984) (Arkansas parole

statutes do not create liberty interest because they provide Parole Board "may" instead of "shall"

grant parole, and because substantive limitations on Board's discretion are minimal).

However, the law is different where an inmate has been paroled and his liberty is at stake.

In *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Court held

that an inmate released on parole has a liberty interest in not suffering the "grievous loss" of having his conditional freedom revoked. Accord *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (applying the same rule to probation revocation).The *Greenholtz* court, in holding  that an inmate has no liberty interest other than what state law might confer in a discretionary parole release decision, drew the distinction between initial release and revocation, stating,  "There is a crucial distinction between being deprived of a liberty one has," the Court explained, "and being denied a conditional liberty that one desires." Id. at 9, 99 S.Ct. 2100.

Plaintiff complains that his parole was unconstitutionally revoked, based on the allegation that he was denied meritorious good time he earned while on probation.  He makes no argument that he was denied a hearing or that there was some other procedural defect in his revocation.  His claim is based solely on the proposition that he had a liberty interest in earning good time and that the credit was wrongly denied him.  It appears that Defendants have not addressed the issue his claim presents.  Whether Plaintiff is entitled to relief seems to the Court to depend upon whether Arkansas has created a protected liberty interest in the crediting of meritorious good time to shorten his sentence.

Plaintiff's response to the motion to dismiss  argues that the state has created a liberty interest in good time, citing , ARK. CODE ANN. §16-90-1303.  This statute apparently does not apply to Plaintiff's conviction, however, as §16-90-1301 (scope) explicitly states "This subchapter shall apply to all applicable felony sentences entered on or after July 27, 2011."  Plaintiff's sentences were entered before that date.

This Court has stated in an earlier case that whether a liberty interest in good time has been created is a matter of state law, and that the statutes involved in that case did not create a liberty

interest.  *See, Gardner v. Hobbs*, No. 5:14CV00131 JLH/BD, 2014 WL 2993821, at *3-4 (E.D. Ark.

July 3, 2014) (habeas case). [1]  However, it would be inappropriate for the Court to *sua sponte* grant

the motion to dismiss based on that case on the present state of the pleadings.  It is unclear whether

the statute and basis of *Gardner* or *Heck* would apply to the facts here.  The present motion should

be denied, but without prejudice to subsequent motions.  Any such motions should be made within

a deadline to be set by the District Judge should this recommendation be adopted,  and Plaintiff

should have the opportunity to respond, so that the issues may be fully litigated.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendants' motion (docket entry #14) be granted to the extent that the claim for

declaratory judgment on behalf of other inmates and the claims against Defendants in their official

capacities be dismissed with prejudice.

2.  On the issue whether there was a constitutional violation relating to the failure to credit

good time and the revocation of Plaintiff's parole,  Defendants' motion be denied without prejudice

to further motions.

DATED this 12th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes also that there may be an issue whether *Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) is implicated under the facts of this case.