IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DEMETRIUS CURTIS**                                                                               **PLAINTIFF**

v.                                    CASE NO. 4:15-CV-00098-DPM/JWC

**WENDY KELLEY,** *et al.*                                                                         **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Defendants have filed their second motion to dismiss (Doc. #22), along with a brief in support (Doc. #23). Plaintiff has responded (Docs. #25 & 26). FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The issue here is whether Plaintiff has stated a claim for a constitutional violation arising from the failure to credit him with meritorious good time. For the reasons stated below, the motion to dismiss should be granted.

**ANALYSIS**

Plaintiff brings this suit alleging that his parole was wrongfully revoked and that he should be compensated for serving some eighteen months in the Arkansas Department of Correction following that revocation. Plaintiff does not allege a violation of procedural due process or that he was innocent of the misconduct which led to his revocation. His entire argument is that he was unconstitutionally denied meritorious good time credit for his time on parole, and that had he been given that credit, his sentence would have been fully served before the date of his revocation. Thus, he argues, the parole board was without jurisdiction.

Plaintiff's claim fails as a matter of law because it is barred by *Heck v. Humphrey,* U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and also because he has no constitutionally protected liberty interest in being credited meritorious good time. Either ground would require dismissal of this action, but because this is a recommended decision, I will discuss both.

Heck v. Humphrey

Defendants say Plaintiff's claim is barred by *Heck v. Humphrey,* U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because a finding in favor of Plaintiff would imply the invalidity of his imprisonment after revocation and the requirements of *Heck* have not been met. Plaintiff argues that *Heck* does not bar his claim because he is not challenging his conviction or sentence. That argument fails because the case is not to be so narrowly construed. The *Heck* Court said:

> in order to recover damages for allegedly <u>unconstitutional conviction or imprisonment,</u> or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. Â§ 2254. (Emphasis added)  *Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364

In *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct.1584, 137 L.Ed.2d 906 (1997), the Court extended *Heck* to bar a § 1983 claim brought by a state prisoner challenging the validity of the procedures used to deprive him of good time credits while incarcerated. There, as here, the plaintiff was not challenging his original conviction or sentence.

The Eighth Circuit recently applied *Heck* to bar a claim that parole was wrongfully revoked. *Newmy v. Johnson*, 758 F.3d 1008, 1009 (8th Cir.) cert. denied, 135 S. Ct. 774, 190 L. Ed. 2d 627 (2014). Plaintiff Newmy sued his parole officer, alleging the officer had falsely stated that Plaintiff failed to report as required. Newmy alleged that because of the false report, his parole was revoked and he was required to serve an additional three to five months detention. The Court was mainly concerned with the question whether *Heck* should apply where a prisoner's alleged unconstitutional imprisonment was so short that *habeas* relief was, as a practical matter, unavailable, but the case does establish that the bar does apply in a situation like that here, where the prisoner is seeking damages in a § 1983 case for imprisonment following parole revocation. The *Newmy* Court held to the position that *Heck* applies to bar a § 1983 action, even if the period of imprisonment was so short as to render *habeas* or other post revocation relief impossible. I share Judge Kelly's concerns regarding this result, as stated in his concurring opinion, *Newmy,* at 1012, but the law in the Eighth Circuit is clear. Plaintiff here would be barred in any event, as he filed three *habeas* petitions, all of which were dismissed for failure to exhaust his state remedies.[1] He had the opportunity to seek *habeas* relief, but failed to follow proper procedure in not properly exhausting his state remedies before seeking relief in this Court.

---

[1] *See*, *Curtis v. Hobbs*, Case No. 4:13cv00638DPM; *Curtis v. Hobbs*, Case No. 5:14-cv-00156-DPM; and, *Curtis v. Hobbs et. al.*, Case No. 5:14-cv-00294-DPM.

Plaintiff is challenging his imprisonment following parole revocation, and a finding in his favor would necessarily imply the invalidity of that revocation and his additional imprisonment. Plaintiff cannot establish that the revocation has been reversed, expunged, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of *habeas* corpus. His claim is barred.

Lack of Liberty Interest in Meritorious Good Time

Plaintiff bases his entire case on the fact that he was denied meritorious good time credit on his sentence. It follows that if there is no constitutionally protected liberty interest in obtaining good time credit, there is no constitutional violation, and Plaintiff's § 1983 claim fails as a matter of law.

In *Wolff v. McDonnell*, 418 U.S. 539, 94S.Ct. 2963 (1974) the Supreme Court recognized that the due process clause affords prisoners a liberty interest in avoiding the loss of good time credit in some instances. But it is state law, not the federal Constitution, that determines whether there is such a liberty interest. See *Sandlin v. Conner*, 515 U.S. 472, 477-484, 115 S.Ct. 2293 (1995)(holding that states may create liberty interests in good-time credit protected by the due process clause).

In his response [2] to the original defense motion to dismiss,[3] Plaintiff argued that Ark. Code Ann. § 16-90-1304 created a liberty interest in good time. It is not necessary to analyze the language of that section to determine whether it creates a liberty interest in good time because it expressly does not apply to felony sentences entered before July 27, 2011. Ark. Code

---

[2] Doc. #17.

[3] Doc. #14.

Ann. § 16-90-1301 states, "This subchapter shall apply to all applicable felony sentences entered on or after July 27, 2011. Plaintiff's sentence was entered before that date.

Plaintiff now points to Ark Code Ann. § 12-29-201 as establishing a liberty interest in good time. That section does not create a liberty interest under the constitutional analysis in *Wolff, supra.* In the first place, subsections (a) and (b) each say an inmate "may" receive good time. This is the same term the Eighth Circuit has pointed to in holding that there is no constitutionally protected liberty interest in being initially granted parole.[4] In the second place, subsection (d) of § 12-29-201 expressly provides: "Meritorious good time will not be applied to reduce the length of a sentence." The Arkansas Supreme Court has stated the opinion that there is no statutory or constitutional liberty interest in the accumulation or loss of good time credit. *McKinnon v. Norris*, 366 Ark. 404 (2006); *Koontz v. Norris*, 2008 WL 2310973 (Ark. 2008). While those cases are not binding on this Court, their reasoning is sound, based on the language of the statute in question. Plaintiff's claim for unconstitutional deprivation of good time fails as a matter of law.

## CONCLUSION

Defendants' motion to dismiss (Doc. #22) should be granted and this case should be dismissed in its entirety. The claims for declaratory relief and for monetary damages against Defendants in their official capacities should be dismissed with prejudice, in accord with the original recommended disposition (Doc. #19). The claim for damages against Defendants in their individual capacities should be dismissed with prejudice as well, because the lack of a constitutionally protected liberty interest and the impossibility of Plaintiff's obtaining *habeas*

---

[4] *See, Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984) (Arkansas parole statutes do not create liberty interest because they provide Parole Board "may" instead of "shall" grant parole, and because substantive limitations on Board's discretion are minimal).

relief at this point [5]would preclude successful litigation. The Court should certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO RECOMMENDED, This 2nd Day of March, 2016.

*[signature]*
Jerry W. Cavaneau
United States Magistrate Judge

---

[5] While a dismissal under *Heck, supra,* normally would be without prejudice. Here, even if the dismissal were solely under *Heck,* Plaintiff has completed his sentence. If he ever returned to prison as the result of a subsequent conviction, he would not be able to challenge the parole revocation involved here by way of a *habeas* petition.